ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

KATHERINE L. WAWRZYNIAK (CABN 252751)
Chief, Criminal Division

MICHAEL G. LAGRAMA (CABN 252734)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-72417241
    Fax: (415) 436-72347234
    Michael.Lagrama@usdoj.govMichael.Lagrama@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SELVIN ALVAREZ, <br><br> Defendant. | CASE NO. 3:23-cr-00186 JSC <br><br> **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION** <br><br> **UNDER SEAL** <br><br> Date: June 21, 2023 <br> Time: 10:30 a.m. <br> Judge: Hon. Sallie Kim |

**FILED**

Jun 21 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## I. INTRODUCTION

Defendant Selvin Alvarez is charged in an indictment with one count of possessing with intent to distribute 40 grams or more of a substance or mixture containing fentanyl, and with two counts of distributing fentanyl. Defendant was arrested for drug dealing in San Francisco's Tenderloin District on February 5, 2023, and currently faces criminal charges in the San Francisco County Superior for this arrest. But while on pretrial release and in a state diversion program, defendant then sold about 35 and 98 gross grams of fentanyl to an undercover police officer (UC) on March 22 and April 4, 2023, respectively. These three incidents are the bases for the indictment.

Defendant is a danger to the community because his actions after his arrest on February 5, 2023 show that he will continue to sell fentanyl if released. Defendant is also a flight risk because he previously absconded from a 2020 state criminal case for drug dealing, lacks respect for the law, and faces a more severe penalty based on the charges in this case. Accordingly, the government requests that defendant be detained pending trial.

## II. FACTUAL BACKGROUND

On February 5, 2023, defendant, aided and abetted by another, possessed about 1,202 gross grams of fentanyl (among other narcotics), a digital scale, and $413 in various denominations. The narcotics and digital scale were found inside a computer bag that defendant brought to the scene and placed on the back of another person's wheelchair. This person served as the holder of defendant's drugs, a common practice among narcotics dealers who do not want to be arrested with large quantities of drugs on their person. When defendant was arrested, police officers also discovered that there was an outstanding warrant for his arrest in connection with his prior arrest for drug dealing in February 2020.

Based on his more recent arrest on February 5, 2023, the San Francisco County District Attorney's Office filed criminal charges against the defendant. But while on pre-trial release and in a state diversion program, defendant twice sold fentanyl to a UC. Specifically, on March 22, 2023, defendant sold about 35 gross grams of fentanyl to a UC for $200, during which he had another person deliver the fentanyl and collect the money. Then, on April 4, 2023, defendant sold about 98 gross grams of fentanyl to the same UC for $600. This time, defendant personally delivered the fentanyl and collected the money.

### III. LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Where there is probable cause that a defendant has violated an offense for which a maximum of ten years in prison or more is prescribed in the Controlled Substances Act, courts apply a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). Under this scheme, the burden of production shifts to the defendant. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Even if the defendant rebuts the presumption, the presumption is not erased; instead, it remains in the case as an evidentiary finding militating against release that is to be weighted along with other relevant factors. *See id.* (citation omitted).

## IV.   ARGUMENT

1. <u>The defendant faces a rebuttable presumption in favor of detention.</u>

Defendant is charged in an indictment with one count of possessing with intent to distribute 40 grams or more of a substance or mixture containing fentanyl, and with two counts of distributing fentanyl. Given the charges in the indictment, there is probable cause that defendant committed an offense for which the Controlled Substances Act prescribes a maximum term of imprisonment of 20 years. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(C). Thus, there is a presumption that no condition or combination of conditions as to defendant will reasonably assure the safety of the community or his appearance in court. *See* 18 U.S.C. § 3142(e)(3)(A). As explained below, defendant cannot overcome this presumption.

2. <u>Defendant cannot overcome the presumption that he is a danger to the community.</u>

Given defendant's continued drug dealing while on pretrial release from the state court, he will continue trafficking fentanyl if he is not detained. Defendant has a history of drug dealing. In 2010, defendant was found guilty of transporting or selling controlled substances and sentenced to 37 days in jail. On February 28, 2020, defendant was arrested for drug dealing in San Francisco's Tenderloin District. It appears that defendant's criminal charges for this February 2020 arrest are still pending because there was an outstanding warrant for his arrest when he was arrested earlier this year, on February 5, 2023.

Specifically, on February 5, 2023, defendant and the holder of his drugs were arrested while in possession of about 1202 gross grams of fentanyl, among other narcotics. For this arrest, defendant faces criminal charges for drug dealing filed by the San Francisco District Attorney's Office. But while on pretrial release and in a state diversion program, defendant sold about 35 and 98 gross grams of fentanyl to a UC on March 22, and April 4, 2023, respectively. Thus, defendant's actions while on pretrial release from state court show that he will continue to sell fentanyl if not detained.

Indeed, fentanyl is especially dangerous among controlled substances. Just two milligrams of it can kill. Combining the fentanyl that defendant was in actual or constructive possession of on February 5, 2023, with the fentanyl that he later sold to the UC in March and April 2023, defendant had about 1335 gross grams of fentanyl. This is about 1,335,000 milligrams of fentanyl or about 677,500

Case 3:23-cr-00186-JSC   Document 9   Filed 06/21/23   Page 5 of 6

potentially lethal doses of this drug.  If defendant is released and continues selling fentanyl (as he did even after his arrest on February 5, 2023), this would not only endanger the buyers of his fentanyl but also those who may inadvertently come into contact with this lethal drug as a result of his drug dealing. See, e.g., *United States v. Alfonso Ramos*, No. 3:20-mj-71799-MAG-1 (EJD), 2020 U.S. Dist. LEXIS 244831 at *7 (N.D. Cal. Dec. 29, 2020) (sale of approximately 227 grams of fentanyl showed defendant posed a danger to the community because "[f]entanyl is among the most dangerous and deadly illegal drugs").

Accordingly, defendant cannot rebut the presumption that no condition or combination of conditions as to defendant will reasonably assure the safety of the community.

   3. <u>The defendant cannot overcome the presumption that he is a flight risk.</u>

For three reasons, defendant also cannot overcome the presumption that he constitutes a flight risk.  First, when defendant was arrested on February 5, 2023, there was an outstanding warrant for his arrest in connection with his arrest about three years earlier on February 28, 2020.  That defendant had an outstanding arrest warrant in connection with a pending criminal case shows that he is a flight risk and will not otherwise show up to court if released.  Second, given defendant's unremitting drug dealing while on pretrial release following his arrest on February 5, 2023, it is evident that defendant does not respect the law and is therefore at risk of not complying with a court order to appear at future hearings. Third and finally, based on his instant criminal charges and criminal history, defendant faces an estimated guidelines sentence of 70-87 months in prison, including a five-year mandatory minimum sentence.  Thus, defendant faces a severe penalty, which creates a strong incentive for defendant to flee immediately if released.  See *United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991) (strong evidence of guilt "makes it more likely that he will flee").  For these three reasons, defendant cannot rebut the presumption that he constitutes a flight risk.

UNITED STATES' DETENTION MEMO
3:23-cr-00186 JSC
5

## CONCLUSION

There are no conditions that will reasonably ensure the safety of the community or his appearance in court. Accordingly, the Court should order defendant detained pending trial.

DATED: June 21, 2023                    Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Michael G. Lagrama*
MICHAEL G. LAGRAM
Assistant United States Attorney